IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANCES ROMERO-GRIFFIN,**

        **Plaintiff,**

**v.**                                    **CIV. No. 95-1477 JP/LFG**

**DEBBIE JARAMILLO, in her Official**
**Capacity; ISAAC PINO, in his Official**
**Capacity; and THE CITY OF SANTA FE,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is the "Motion by Intervenor Santa Fe New Mexican to Reconsider or Clarify Memorandum Opinion and Order entered September 16, 1997 or to Certify Question to the New Mexico Supreme Court" [Doc. No. 119], filed September 26, 1997. On January 28, 1998 a hearing on this motion was held in Santa Fe, New Mexico. David Cunningham and Mary Kilgore appeared for the defendants, and Robert Rothstein appeared for the plaintiff. Victor Marshall and Cindi Pearlman appeared on behalf of the Santa Fe New Mexican. After a careful review of the law and the briefs submitted by the parties to the lawsuit and by the Santa Fe New Mexican, I have concluded that the court was without jurisdiction to enter the Confidentiality Order that is the subject of the Santa Fe New Mexican's Motion.

**Background**

The lawsuit arose from the City of Santa Fe's termination of the plaintiff from her position as City Clerk. The parties settled the dispute on February 2, 1997 and the judge assigned to this case dismissed this action on February 24, 1997. The settlement papers have never been shown to the court or made a part of the official court file. However, counsel for the parties have represented to the court that a provision of the settlement agreement requires that the terms of the agreement must remain confidential. After the settlement and the entry on February 24, 1997 of the Order dismissing this action, the Santa Fe New Mexican requested access to the settlement papers under the New Mexico Inspection of Public Records Act, NMSA 1978, §14-2-1 et seq. By letter dated March 6, 1997 Mark Allen, Assistant City Attorney, informed the Santa Fe New Mexican that with the exception of records protected by the attorney client privilege, "[a]ll other records which are subject to inspection under the Inspection of Public Records Act will be available for [The Santa Fe New Mexican's] review on or before March 20, 1997." Exhibit A(2) to Affidavit of Ben Neary, Santa Fe New Mexican's Reply to Response to Its Motion to Open Records Pertaining to Settlement. Instead, on March 28, 1997 counsel for the parties presented to the court an agreed confidentiality order regarding the settlement terms. The judge assigned to this case was unavailable and another judge entered the agreed order on his behalf on March 28. Neither counsel for the plaintiff nor counsel for the defendants informed the judge who entered the agreed confidentiality order that the Santa Fe New Mexican had made a request for documents under the Inspection of Public Records Act or that the court may not have had jurisdiction to enter the order because the case had already been dismissed under Rule 42(a)(2). On April 21, 1997 the Santa Fe New Mexican filed motions to intervene in this case and to set aside the confidentiality order. On September 16, 1997 the judge assigned to the case denied both motions. On

September 26, 1997 the Santa Fe New Mexican filed its motion to reconsider that ruling under Rule 59(e). The assigned judge then recused and the case was reassigned. At the January 28, 1998 hearing counsel for the City of Santa Fe stated in open court that the City of Santa Fe had paid $50,000, the amount of its liability insurance deductible, toward settlement of the lawsuit. Counsel then clarified that the only information the parties are attempting to keep confidential is the additional amount paid to the plaintiff, Frances Romero-Griffin, by the City's liability insurance carrier.

## Analysis

The subject matter jurisdiction of a federal court can be neither conferred nor waived by consent, estoppel, or a failure to raise the issue earlier in the proceedings. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(dismissing sua sponte a case on appeal after summary judgment was granted by district court). In addition, "if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter." Id. Thus, "'subject matter jurisdiction is not a matter of equity or of conscience or of efficiency,' but is a matter of the 'lack of judicial power to decide a controversy.'" Id. at 874 (quoting Shaw v. Dow Brands, Inc., 994 F.2d 364, 371 (7th Cir. 1993)). Therefore, even at this late stage in the proceedings I must vacate the agreed confidentiality order if the court did not have jurisdiction to enter that order.

The settlement agreement imposed silence on the parties with respect to the terms of the agreement. In requesting that the court enter the agreed confidentiality order thirty two days after the case had been dismissed, the parties were seeking enforcement of the settlement agreement by the court. However, the court lost jurisdiction over the case thirty two days earlier upon dismissal.

The Tenth Circuit has stated that:

> [O]nce the parties to a lawsuit have settled and the district court has dismissed the case, the district court does not have ancillary jurisdiction to enforce the parties' settlement agreement. A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement.

Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir. 1994), cert. denied, 514 U.S. 1109, 115 S.Ct. 1960 (1995) (internal citations omitted). Under the reasoning of Morris, the court did not have jurisdiction to enter the agreed confidentiality order on March 28, 1997. A careful examination of the Order dismissing the case reveals neither an intent to retain jurisdiction nor an incorporation of the settlement agreement. In fact, the settlement agreement has never been made a part of the official court file.

The Seventh Circuit reached a similar conclusion in McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir. 1985), a case in which a prison inmate sued for violation of his civil rights. The case was settled, and the district judge entered an order that dismissed the case "pursuant to stipulation of the parties." Id. at 1182. One of the terms of the settlement was that the plaintiff would be put on work release. Later, the inmate petitioned the district court to enforce the settlement agreement. The district court then ordered the defendants to put the plaintiff inmate back into his work release program. Upon review the Seventh Circuit reasoned that district courts do not have inherent power to enforce settlement agreements and held that jurisdiction in such cases must either be specifically retained by the court under Rule 41(a)(2) or spring from an independent basis (such as diversity or federal question) for subject matter jurisdiction. Id. at 1187-88. The court concluded that "[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside

4

the judgment of dismissal within the scope allowed by Rule 60(b)." Id. at 1190.

In this case, because the court did not explicitly retain jurisdiction upon dismissing the case and because there is no independent basis for subject matter jurisdiction, both the Santa Fe New Mexican and the parties argue that the court has jurisdiction under Rule 60(b). Specifically, they argue that even if the court was initially without jurisdiction to enter the confidentiality order, it acquired jurisdiction under Rule 60(b)(6), which provides: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason justifying relief from the operation of the judgment." However, this argument fails for two reasons. First, Rule 60(b) clearly requires that application for relief be made by motion. The parties presented no motion with the confidentiality order as required by Rule 60(b). Second, relief under Rule 60(b)(6) is to be used sparingly and only in extraordinary circumstances. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). The Tenth Circuit explained:

> Rule 60(b)(6) has been described as a grand reservoir of equitable power to do justice in a particular case. However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. We have sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable. . . . [T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.

Id. at 579-80. (internal quotations and citations omitted). The parties in this case had ample opportunity either to seek a protective order before dismissal of the case or to request that the court dismiss the case with conditions under Rule 41(a)(2). By failing to do so the parties did not satisfy their duty to protect their own legal interests, and the considerable equitable power of the court under Rule 60(b) should not be used to alleviate the consequences of their lack of foresight.

Both the Santa Fe New Mexican and the parties rely on Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897 (D.C. Cir. 1996) to argue that it is appropriate to use Rule 60(b)(6) relief to protect a party's interest in confidentiality. In Computer Professionals, a group of computer hackers held a meeting at a shopping mall and claimed that Secret Service members broke up the meeting and confiscated some of their belongings. Id. at 900. Invoking the Freedom of Information Act ("FOIA"), the plaintiff organization requested that the Secret Service hand over all documents related to the breakup of the meeting. Id. at 901. The Secret Service refused to produce certain documents, claiming that they fell under FOIA exemptions. Id. The plaintiff organization then filed suit to enforce its FOIA request and to compel the release of the records. Id. On a motion for summary judgment, the Secret Service argued that some of the information contained in the records sought by the plaintiff had been given by an informant that the computer hackers had victimized. Id. at 901-902. The Secret Service maintained that the informant had disclosed the information only with an expectation of confidentiality. Id. The district court ruled in favor of the plaintiff and ordered the Secret Service to disclose the documents sought by the Computer Professionals for Social Responsibility. Id. at 902. The Secret Service moved to reconsider the decision, a motion that the D.C. Circuit treated as one filed under Rule 60(b). Id. at 902-03. The D.C. Circuit found that there were extraordinary circumstances and that Rule 60(b)(6) relief was appropriate, emphasizing that the informant, a victim of the activities of computer hackers, had spoken to the Secret Service with an expectation of confidentiality. Id. at 903. The court reasoned that the informant's privacy interests justified Rule 60(b)(6) relief.

Computer Professionals is clearly distinguishable from this case. In Computer Professionals, the confidentiality interests of an innocent non-party were at stake, and the court reasoned that the

protection of a victim who has come forward with information about illegal activity justified the extraordinary relief afforded by Rule 60(b)(6).  In this case, on the other hand, the only non-party with any possible interest in confidentiality is the City of Santa Fe's liability insurance carrier.  It would be difficult, indeed, to analogize the privacy interest of an insurance company that has made a payment under its contract of insurance to that of a victim who provides information about its unlawful mistreatment.  Perhaps for that reason the parties do not place at the forefront of their argument a concern for the confidentiality interest of the City's liability insurance carrier.[1]  Quite clearly, it is the parties' own interest in confidentiality that really is at issue.  Unlike the confidential victimized informant in Computer Professionals, the parties to this action had ample opportunity to protect their interest in confidentiality by using Rule 41(a)(2) to make confidentiality of the settlement a condition of the Order of Dismissal.

      The parties make two additional arguments in an attempt to justify their contention that the court had jurisdiction to enter the confidentiality order.  First, they argue that the confidentiality order should be treated as an amendment or supplement to the order of dismissal under Rule 42(a)(2) or Rule 60(b).  Second, the parties assert that they now should be allowed to move under Rule 60(b)(6) to have the two orders combined into a single order of dismissal imposing confidentiality as a condition of dismissal.  These arguments are not only unsupported by the law, but they also are an attempt to circumvent the orderly application of the Federal Rules of Civil Procedure.

      The Federal Rules of Civil Procedure are structured to enable parties to litigation to dismiss a lawsuit on conditions through Rule 41(a)(2) and to obtain relief after dismissal of the case in

---

[1] At the hearing counsel for the defendants stated that the insurance carrier that paid the balance of the settlement with the plaintiff no longer insures the City of Santa Fe.  Thus, the insurer's already minimal interest in confidentiality is attenuated even further.

extraordinary circumstances through Rule 60(b).  The court should use its inherent power to afford exceptional relief to the parties only where the Federal Rules of Civil Procedure provide no applicable mechanism by which the parties can protect their own interests.   After dismissal of this case on February 24, 1997 without conditions retaining jurisdiction or imposing confidentiality,   this court lacked power later to enter the agreed confidentiality order, which now should be vacated.  In the absence of the confidentiality order, the Santa Fe New Mexican's "Motion to Reconsider or Clarify Memorandum Opinion and Order entered September 16, 1997 or to Certify Question to the New Mexico Supreme Court" becomes  moot and should be denied on that ground.  The Santa Fe New Mexican will then be able to pursue its quest for information about this settlement in state court, if necessary, in accordance with the New Mexico Inspection of Public Records Act, NMSA 1978, §14-2-1 et seq.

Therefore, it is ORDERED that the agreed confidentiality order entered March 28, 1997 [Doc. No. 109] is VACATED and the "Motion by Intervenor Santa Fe New Mexican to Reconsider or Clarify Memorandum Opinion and Order entered September 16, 1997 or to Certify Question to the New Mexico Supreme Court" [Doc. No. 119] is DENIED as moot.

*James A. Parker*
UNITED STATES DISTRICT JUDGE